UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **ELIA C. LOPEZ, INDIVIDUALLY, AND** | § | |
| **AS NEXT FRIEND OF L.G.L. and L.M.L.** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **Civil Action No. _____** |
| | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT,** | § | |
| | § | |
| **Defendant.** | § | **JURY REQUESTED** |

**COMPLAINT and COMPLAINT FOR DECLARATORY
AND INJUNCTIVE RELIEF AND APPLICATION FOR TEMPORARY
RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, PLAINTIFFS, ELIA C. LOPEZ, INDIVIDUALLY, AND AS NEXT

FRIEND OF L.G.L. and L.M.L complaining of BROWNSVILLE INDEDEPENDENT

SCHOOL DISTRICT (BISD) and in support thereof would show as follows:

**I. NATURE OF ACTION**

1.     This is a civil action to (i) temporarily and permanently enjoin acts of Defendant,

Brownsville Independent School District (BISD) and enjoin its employees from discriminating,

harassing and retaliating against Plaintiffs, specifically, but not, limited to BISD's employees:

Dr. Esperanza Zendejas, Mr. Carlos Guerra, Ms. Theresa Alarcon and Mr. Miguel Salinas, and

(ii) an action for Declaratory Judgment, and (iii) an original complaint for violations of Free

Speech, Assembly, Due Process, Petition, Freedom of Religion, Equal Protection Clauses,

Gender, Race, and National Origin Discrimination, FERPA violations, violation of Privacy,

Invasion of Privacy, Retaliation, Harassment, and Intentional Infliction of Emotional Distress,

and (iv) to recover damages, treble damages, punitive damages, attorney's fees, and costs of court.

2.      Elia C. Lopez (Plaintiff) seeks declaratory and injunctive relief against the Brownsville Independent School District (BISD).  Defendant, by through its employees,  have conspired to and have denied and deprived Plaintiff of her rights, without the statutory authority to do so, in violation of the Free Speech Clause, Free Assembly Clause, Petition Clause, Due Process Clause, Assembly Clause, and Equal Protection Clause of the U.S. Constitution and the First and Fourteen Amendments.

## II. PARTIES AND SERVICE

3.      Plaintiff ELIA LOPEZ, AND AS NEXT FRIEND OF L.G.L. and L.M.L is an individual residing within the Southern District of Texas

4.      Defendant Brownsville ISD may be served in accordance with FED. R. CIV. P. 4(i) and 28 U.S.C. § 1391(e)(2) by sending a copy of the summons and complaint by certified mail to:

Dr. Esperanza Zendejas<br>
Superintendent of Schools<br>
Brownsville ISD<br>
1900 East Price Road<br>
Brownsville, Texas 78521

## III. JURISDICTION AND VENUE

5.   This is a civil rights action arising under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction) and § 1343 (civil rights jurisdiction).

6.   Venue in this district is proper under 28 U.S.C. § 1391(b)(1) because BISD is located entirely in this district and under § 1391(b)(2), because all of the events giving rise to the Plaintiffs' claims occurred in this district.

## IV. FACTS

7.   On Tuesday, September 5, 2017, Plaintiff ELIA LOPEZ signed up to address the BISD School Board of Trustees during the Public Comments portion of a BISD meeting and thereby exercise her First Amendment Right to Free Speech, Assembly and Petition.  Plaintiff followed BISD's instructions on the form titled "Public Comment" and on line number nine (9) of the form identified that she would address the application of BISD policy and the 2014 – 2018 Course Curriculum Guides generated by Defendant and its employees, Dr. Zendejas, Ms. Theresa Alarcon and Mr. Carlos Guerra.

8.   At that meeting, 2017, Plaintiff spoke with Board Secretary, Patricia Cardenas Perez, who confirmed that BISD Public Comment rules, procedures, BISD policy BED local, legal, and exhibit, as well at the district's pattern and practice, requires Plaintiff to sign up at the present meeting and identify that Plaintiff wishes to address the board regarding identified employees and that Plaintiff's public comments session will take place in executive session during the Public Comment section at the NEXT BISD board meeting.  Ms. Cardenas Perez said, "Yes, that is what we do.  You sign up today and you come back at the next meeting."  Ms. Cardenas Perez continued, "Sometimes they let you speak at the first meeting; let me go see if they'll let you speak today."  Ms. Cardenas Perez did not return.

9.   Instead, Plaintiff was approached by BISD School Board Attorney, Baltazar Salazar, who told Plaintiff that BISD would not follow BISD policy.  Mr. Salazar said, "We don't do that, we do not carry anything forward to the next meeting.  Go file a grievance."  He informed

Plaintiff that she would not be allowed to address the Board.  Plaintiff responded that she did not want to file a grievance; she just wanted to let the BISD Board know what their employees were doing to parents and students.  Plaintiff simply wanted to use the Public Comments forum portion of the meeting to make her 5 minute presentation rather than invoke the three tiered grievance process.  BISD Policy BED allows for a person to address the board about an employee and the employee's actions without the need to file a grievance pursuant to BISD ENG and/or FNG policy.

10.   At that same meeting, Plaintiff also signed up on line 10 and addressed the BISD Board of Trustees to inform them that Plaintiff had followed the procedures set forth in policy BED (LOCAL) and (LEGAL) and all other relevant BISD policies and read said document to Defendant's board members.

11.   Defendant's next board meeting was set for September 12, 2017 and Plaintiff sent an e-mail to BISD administrator Mr. Miguel Salinas and Mr. Salazar and advised them that Plaintiff would attend the meeting and that she expected to speak to the Board of Trustees in executive session pursuant to BED exhibit, BED LOCAL, and BED LOCAL regarding her concerns.

12.   Defendants posted the agenda for its September 12, 2017 board meeting on or before Friday, September 8, 2017.  The agenda did not list Plaintiff on its September 12, 2017, agenda.  In fact, Defendants eliminated the Public Comments section of its agenda in violation of law and BISD Policy.

13.   On September 12, 2017, Plaintiff approached the podium at BISD Boardroom and announced she was present and ready to address the board of trustees in executive session.  Plaintiff asked for confirmation that she would not be allowed to address the board of Trustees.

Mr. Salazar said, "I have sent you various e-mails to said effect.  You will not be allowed to address the BISD School Board of Trustees."

14.   At all times relevant, Defendant, by and through its agents and employees, planned and conspired to deny and deprive Plaintiff, without statutory authority to do so and in violation of the Free Speech Clause, Free Assembly Clause, Petition Clause, Due Process Clause, and Equal Protection Clause of the U.S. Constitution and the First, Fifth and Fourteen Amendments of her right to Freedom of Speech, Assembly and to Petition.

15.   The First Amendment consists of five "freedoms," which are: Freedom of Religion, Free Speech, Free Press, Assembly and Petition.  The Petition section of the first amendment, referred to as the Petition Clause, states "People have the right to appeal to government in favor of or against policies that affect them or they feel strongly."  A more simple definition of the right to petition is the right to present requests to the government without punishment or reprisal.

16.   The Petition Clause protects the right "to petition the government for a redress of grievances."  This includes the right to communicate with government officials and petitioning the courts by filing lawsuits with a legal basis.  Defendant has violated Plaintiff's right to petition the government, Free Speech Clause, Due Process, and the Equal Protection Clause pursuant to the First, Fifth, and Fourteenth Amendment

17.   The issue Plaintiff wanted to present during the open forum was that the Defendant's administrators, Ms. Theresa Alarcon and Superintendent Dr. Esperanza Zendejas, violated the Equal Protection Clause of the United States Constitution by treating similarly situated students differently.  Specifically, on or about August 2016, Theresa Alarcon allowed, approved and authorized incoming freshman, H.E., a non-11[th] grader, to take AP Chemistry a

course listed for 11-12 grade students in the 2016-2017 BISD Course Curriculum Guide. Further, the student, H.E. did not meet the prerequisites listed in the 2016-2017 course guide for AP Chemistry.   The prerequisites for AP Chemistry are:   Algebra II, and chemistry.   The student H.E. had not taken and completed Algebra II.   Theresa Alarcon allowed, authorized and approved H.E. to take Algebra II concurrent with AP Chemistry.   Taking Algebra II concurrent with AP Chemistry is not the same as already meeting the prerequisite.   Theresa Alarcon also allowed H.E. to get a full year's credit for a half year introduction to chemistry class taken in eighth grade at South Texas ISD.

18.   This school year, 2017-2018, a similarly situated student, Plaintiff L.G.L. asked to be allowed to take AP Psychology a course listed for 11-12 grade students in the course curriculum guide.   Unlike H.E. who did not meet the perquisites for AP Chemistry, student, Plaintiff, L.G.L. meets ALL of the requirements for AP Psychology.   Plaintiff L.G.L. is currently taking an AP course, and L.G.L. has passed all of the TSI exams required to start college in the State of Texas.   The only reason given for the AA of high schools denying AP Psychology to L.G.L. is that AP Psychology is a course designated for 11-12 grade students.

19.   This disparate treatment between H.E. and Plaintiff L.G.L. violated the Equal Protection Clause of the United States constitution and case law which mandates that similarly situated students must be treated the same.   Since Defendant's Area Administrator for high schools, Theresa Alarcon, approved H.E. a non-junior who did not meet the prerequisites of an 11-12 grade course take the course then Defendant's Area Administrator Alarcon must do the same for Plaintiff L.G.L. and all other students who make the same request.

20.   Defendant's Area Administrator Theresa Alarcon, as a certified educator is bound by the Texas Teacher's Education Code 3.4 which reads:   "The educator shall not deprive nor

give an unfair advantage to any student on the basis of race, gender, national origin, family status."

21.  Defendants administrators, Dr. Esperanza Zendejas, Mr. Carlos Guerra, Ms. Theresa Alarcon and Mr. Miguel Salinas violated Plaintiff Elia C. Lopez's freedom of Speech and her first amendment rights in order to keep the Board of Trustees from learning about their bad acts. The only way the Board of Trustees will learn about these bad acts are if they are advised at a board meeting.   Plaintiff attempted to speak to board member, Mr. Chirinos when he was president of the BISD Board of Trustees; however, Mr. Chirinos texted Plaintiff that BISD's attorney, Mr. Baltazar Salazar, instructed him not to speak with Plaintiff.

22.  Plaintiff has no alternative but to file this complaint and complaint for Temporary Restraining Order and for an Injunction ordering the BISD to follow its procedures and policy and provide Plaintiff Elia C. Lopez, her constitutional rights and her First Amendment Rights

### Facts Related to Plaintiff's Grievances – Declaratory Judgment that Plaintiff has exhaust Administrative Process Due to BISD Delay

23.  Plaintiff, individually, and as next friend of L.M.L. and L.G.L. as well as L.ML.L and L.G.L. have been subjected to retaliation for filing a complaint with the U.S. Department of Education Civil Rights Division and for filing grievances due to Defendant's employees' actions of retaliation, harassment, discrimination, violation of law and the Constitutional rights of  Elia C. Lopez and L.M.L. and L.G.L., specifically, but not, limited to:  national origin, race, and gender discrimination, freedom of religion, freedom of speech, equal protection clause, due process clause, harassment, intentional infliction of emotional distress, FERPA violations, slander, defamation, and libel, all three with actual malice.  In regards to L.M.L. actual malice is not required as she is not a public figure.  L.M.L. is a minor child, student, 14 years of age at the beginning of the discrimination, harassment, and retaliation, and the violation of the Equal

Protection Clause.

24. Plaintiff has filed grievances pursuant to Defendant's board policies FB, FFD, FFH, and FFI.

25. In response to Plaintiff's grievances, Defendant hired the law offices of Walsh, Gallegos to conduct an independent investigation of the grievances. The attorney/partner of who is conducting the investigation is Mr. Victor Antonio Resendez a/k/a Tony Resendez. Mr. Resendez was hired on or about March 2016; however, BISD fired Mr. Resendez on or about November 2016. Mr. Resendez worked on the investigations eight months; however, Mr. Resendez never completed the investigation and did not turn in any report.

26. October 2016, Catalina Presas Garcia, then a BISD board member, requested from BISD administration the status of the grievances filed by Plaintiff. In violation of state law, rules and regulations and BISD policy, Defendants created summaries for a board member when BISD did not have a duty to do so and should not have created such summaries. In violation of FERPA, Defendant released said summaries to seven board members and other BISD personnel. The summaries ended up on public local blogs El Runrun, El Chisme and Facebook in violation of Plaintiff L.M.L's privacy rights under FERPA (the Federal Educational Records Privacy Act.)

27. Plaintiff sent an email to Defendant notifying Superintendent Dr. Zendejas that the summaries are on Facebook and the blogs. Shortly thereafter Plaintiff received a text message from Walsh Gallegos attorney Elizabeth Neally who notified Plaintiff she had been hired by Defendant to investigate the leak of Plaintiff's grievances to the blogs and Facebook.

28. Shortly after being hired, about 20 days later, BISD fired Mrs. Neally. On or about December 2016, BISD fired both Mr. Resendez and Mrs. Neally.

29.     Plaintiff went to Defendant's administration and requested that her grievances be set for hearing since the independent investigators had been terminated.   Defendant's administration told Plaintiff that they had not terminated the services of Mr. Resendez and Ms. Neally.   BISD represented to Plaintiff that Ms. Neally and Mr. Resendez misunderstood and BISD would clear it up and get Mr. Resendez back on the investigation.

30.   Six months later, Plaintiff Elia C. Lopez wrote to BISD stating that she could not and would not wait any longer.   Plaintiff filed a grievance based on the lost time for the hiring and firing of Mr. Resendez and Ms. Neally.

31.   Soon after receiving the letter, BISD administrators, Mr. Carlos Guerra and Mr. Miguel Salinas agreed to allow Plaintiff to amend and supplement her grievances and to set all of the grievances for hearing on.

32.     After agreeing to hear the grievances Defendants rehired Mr. Resendez.

33.     On the eve of the hearings, Mr. Guerra sent Plaintiff an e-mail telling her he was abating the hearing of her grievances in order to wait for the Mr. Resendez's report).

34.     An abatement implies a hearing was actually set; however, a public information request revealed that a hearing for the grievances was not set and a hearing officer was not appointed.   Letters and emails setting the hearing were not sent.

35.     It has been almost two years since the filing of the first grievance and Defendant's board and administration have delayed the process by hiring, firing, and rehiring an independent investigator simply to delay justice for Plaintiffs L.M.L. and L.G.L.

36.     The BISD grievance policy states that Defendants must set and hear Plaintiff's grievances at Level I within 15 days of filing.   The hearing officer then has 10 days to make a ruling.   The ruling must be appealed within 10 days.   If timely appealed, it must be set and

heard within 10 days at Level II.  If the ruling of the Level II hearing officer is not acceptable, an appeal to Level III must be filed within 10 days.  If timely appealed it goes to Level III which takes the grievance to the BISD Board of Trustees.  Failure by the grievant to strictly adhere to the timelines will result in dismissal of the grievance.

37.    The policy further states that when the grievance deals with retaliation, discrimination, harassment, BISD may hire an independent investigator.  The independent investigator shall finish the investigation and file a report within 10 days or a reasonable amount of time.

38.  The private investigator, Mr. Resendez, was hired in November 2016 and it has been 18 months and the investigation is still not complete and the independent report has not been filed.

39.  According to BISD policy, when the independent investigator finishes his report and files it, the grievant may agree or disagree with the report.  If the grievant disagrees with the report, the process starts all over again.  The time line set out in Board policy FNG policy begins.  The process takes 45 working/business days and to get to level III takes longer because it is set for the next board meeting.  However, the board only hears 3 grievances at each board meeting and Defendant expects Plaintiff to line up behind pending Level III grievances.

40.  At this rate, the Level III for Plaintiff, L.M.L. and L.G.L. will be after a projected graduation date thus making Plaintiffs' L.M.L. and L.G.L.'s grievances moot.  If Plaintiff does not like the results of the Level III ruling then Plaintiff is allowed to seek recourse from the courts.  In order to have the right to file a lawsuit if the Level III ruling is unfavorable Plaintiff must exhaust all administrative proceedings and remedies.  At this rate, graduation from high school will occur and standing will be lost.

41.  Defendants have abused the timelines in their policy to deprive Plaintiff from being heard.  By so doing, Defendants have denied and violated Plaintiff and L.M.L. and L.G.L.'s Constitutional rights under the First and Fourteenth Amendments to the United States Constitution.

42.  For the reasons, stated above and herein, Plaintiff moves the court to find and grant a Declaratory Judgment that Plaintiff has exhausted her administrative remedies and may file all pending issues on all pending grievances with this Court 10 days from the signing of the Declaratory Judgment.

43.  Plaintiff moves the court to grant a Declaratory Judgment and an injunction ordering Mr. Tony Resendez to file his independent investigative report within 10 days of the date of the order of this court.

44.  In the alternative, Plaintiff moves the court to grant a Declaratory Judgment ordering Plaintiff's grievances to start at Level III 10 days after the independent investigator finishes his report.

45.  Plaintiff moves the court to grant a Declaratory Judgment and an injunction ordering Defendants to hold a special called board meeting to hear all of the grievances beginning at Level III within 10 days of the granting of this Application.

46.  Plaintiff moves the court to set this Motion for hearing within 14 days of the date of filing.

47.  Defendants have retaliated, harassed and discriminated against Plaintiff and L.M.L. for filing a complaint with the U.S. Department of Education Office of Civil Rights and grievances with BISD.

48.  Plaintiffs' grievances currently file with BISD are as follows:

a.  In retaliation, harassment, and discrimination for Plaintiff filing a complaint with the U.S. Department of Education Office of Civil Rights and for filing grievances with BISD, individually and on behalf of L.M.L., Defendants violated the Free Speech Clause, Free Assembly Clause, Petition Clause, Due Process Clause, Assembly Clause, and Equal Protection Clause of the U.S. Constitution and the First and Fourteen Amendments, violation of the Due Process Clause via the Fifth and Fourteenth Amendments, and violation of the Equal Protection Clause via the Fourteenth Amendment by BISD's denial of Plaintiff's request to address the Board on September 5, 2017 and September 12, 2017;

b.  In retaliation, harassment, and discrimination Defendant, by and through its employees, specifically, but not, limited to Mr. Carlos Guerra and Mr. Miguel Salinas agreed to set for hearing Plaintiff's grievances.  On the eve of the hearing date, Mr. Guerra sent an e-mail to Plaintiff stating Defendants were abating the hearing to await the report of and by Mr. Victor Antonio Resendez of Walsh Gallegos law firm.  The issue is that Mr. Guerra never set the grievances for hearing, so the abatement is false and a hoax. Mr. Guerra and Mr. Salinas did not appoint a hearing officer for  the grievances, did not send the notices for hearing to the witnesses, did not reserve the conference room, and did not send the abatement to anyone but Plaintiff Elia C. Lopez;

c.  In retaliation, harassment, and discrimination, Defendant engaged in the hoax of setting the grievances for hearing in order to deny and deprive Plaintiff of the Free Speech Clause, Petition Clause, Assembly Clause, Due Process Clause, and the Freedom of Speech, to regress and grieve and delay Plaintiff's grievances unnecessarily so BISD does not have to hear Plaintiff's grievances.  Plaintiff has the right to petition any form of government about the grievances over BISD's violations of law and the actions of their employees;

d.  In retaliation, harassment and discrimination, Defendant hired, fired and re-hired the law offices of Walsh, Gallegos, specifically, but not, limited to Mr. Victor Antonio "Tony" Resendez and Ms. Elizabeth Neally; Mr. Resendez was hired two years ago and to date he has not completed his report.  He was fired for 8 of those months. These games played by Defendant were designed to delay and deprive Plaintiffs of their Constitutional rights to Petition, Assembly, Due Process, Freedom of Speech, and the Equal Protection Clause;

e.  For Retaliation, Harassment and Discrimination for Plaintiff filing individually and on behalf of L.M.L. a complaint with the U.S. Department of Education Civil Rights Division and grievances with BISD;

f.  In Retaliation, Harassment, and Discrimination and with the intent to cause Intentional Infliction of Emotional Distress to Plaintiffs and L.M.L. and L.G.L., BISD, Mr. Carlos Guerra, Patricia Cardenas Perez, Mr. Miguel Salinas, Dr. Esperanza Zendejas, created one-sided, biased, slanderous, defamatory and libelous summaries of the grievances filed by Plaintiff and on behalf of L.M.L.

and L.G.L. with actual malice at the request of Catalina Presas Garcia who requested the status of the grievances and in violation of FERPA;

g.      In Retaliation, Harassment and Discrimination and with the intent to cause Intentional Infliction of Emotional Distress to Plaintiffs Elia C. Lopez and L.M.L. and L.G.L., BISD, Mr. Carlos Guerra, Mr. Miguel Salinas, Dr. Esperanza Zendejas, Patricia Cardenas Perez, Catalina Presas Garcia, and all Board of Trustees sitting on the BISD Board of Trustees in October 2016 for publishing (releasing and setting in motion actions that caused said summaries be published) the one-sided, biased, slanderous, defamatory, and libelous summaries of the grievances on Facebook, the Facebook page of Erasmo Castro, El Chisme, and El RunRun blogs in violation of FERPA, and in violation of the Fiduciary Duties of the Board of Trustees who are entrusted with the well-being of the students by Plaintiff and on behalf of L.M.L. and L.G.L. with actual malice;

h.      In Retaliation, Harassment, and Discrimination and with the intent to cause Intentional Infliction of Emotional Distress to Plaintiff and L.M.L., Defendant BISD, and employees Mrs. Mayra Krueger, Mr. Adrian Garcia, and Board of Trustee Catalina Presas Garcia published (released and set in motion actions that caused Mrs. Kruger's e-mail to be published in El Runrun).  Mrs. Kruger wrote an e-mail in violation of FERPA which was libelous, retaliatory, harassing, and defamatory to L.M.L.'s teacher insulting Plaintiff and L.M.L. and with malice Mrs. Kruger sent it to all of L.M.L.'s teachers.

i       In Retaliation and Harassment with intent to cause   Intentional Infliction of Emotional Distress to plaintiff and L.M.L., Mayra Krueger wrote a defamatory and libelous e-mail which she sent it to all of L.M.L.'s teachers including Adrian Garcia, to be published in El Runrun.  (Kruger wrote the e-mail in violation of FERPA).  It started because Plaintiff asked, "Why are there only 3 out of 10 Grades in the computer?"  The six-weeks ends in two days and there are 3-100s from the progress report date, but I am concerned about the 7 missing grades on Parent Access.  The 3-100s are from the progress report."  One of the blanks was for an assignment turned in Aug. 22, and Sept. 21, 2015 the grade was missing. The day before the six-weeks ended Kruger inputted 7 grades and one was a 0. L.M.L. took the assignment, but Mrs. Kruger refused to accept it saying it was late which is okay; but then Kruger accepted late work from 3 other students and she changed their grade from a 0 to 100 for two of them and TA got a grade that gave him an 89 for the six-weeks.  Plaintiff says treat L.M.L. the same, no better, no worse, but do not retaliate because the parent wants grades put in timely.

j.      Mr. Garcia forwarded the e-mail sent to him by Mayra Krueger to his yahoo and a within a few days it appeared in the blog El Runrun and El Chisme and Facebook in order to embarrass, harass, interfere with positive relationships, and with ACTUAL MALICE to cause Intentional Infliction of Emotional Distress to Plaintiff and L.M.L (no malice required for L.M.L. as she is not a public official.)

k.   In violation of the Fiduciary Duties of the Board of Trustees who are entrusted with the well-being of the students, the Texas Educator's Code of Conduct:

1.   Mayra Krueger, Catalina Presas Garcia, and Adrian Garcia's actions in publishing Krueger's e-mail in the blogs with malice and intent to cause Plaintiff physical and mental harm and damage in which they succeeded said conduct and actions of *Defendants* is outrageous and violates FERPA;

2.   It is outrageous conduct for a teacher, Mayra Krueger, to send an e-mail to L.M.L.; s teachers with slanderous, defamatory, and libelous statements about Plaintiff and L.M.L.;

3.   It is outrageous conduct for Adrian Garcia to send the e-mail out of the BISD system to his personal yahoo account.  It is outrageous conduct for Adrian Garcia to give the e-mail to his wife, BISD Board Member, Catalina Presas Garcia with the actual malice to have it published.

4.   It is outrageous conduct for Catalina Presas Garcia who as a board member with a FIDUCIARY duty to children, students, and parents to educate, and protect them.   It is outrageous conduct for Adrian Garcia and Catalina Presas Garcia to release the e-mail, so the e-mail makes it onto the blogs, El Runn Runn and El Chisme, and Facebook.

l.   Regarding Mayra Kruger, Catalina Presas Garcia, and Adrian Garcia;s actions to release and publish Krueger's e-mail to the blogs, specifically, El Runn Runn and Facebook, said actions were with Actual Malice, with the intent to harm Plaintiff and cause Plaintiff physical and mental harm and damage in which they succeeded.

m.   In retaliation, harassment and Gender and National Origin Discrimination, Defendant violated the Equal Protection Clause via the Fourteenth Amendment when Defendant allowed only one incoming freshman of the Class of 2019 to take AP World History a 7.0 GPA weighted course while the other 781 incoming freshman were forced to take World Geography, a 5.0 GPA weighted course when all of the students were similarly situated.  The U.S. Constitution states that all are created equal and students similarly situated shall be treated equally.

n.   Defendant in violation of the Texas Educators Code by allowing one student to gain an advantage over all other students.

o.   In retaliation, harassment and discrimination, Defendant violated the Equal Protection Clause via the Fourteenth Amendment when Defendant allowed an educator to treat similarly a situated student in a disparate manner by allowing similarly situated student to submit work at the educator's whim in violation of law by:

      i.    Accepting late work of S.X. and R.R. which was approximately 25 days late and the educator changed a zero to 100 although the work was 20 plus days late;

      ii.   Accepting late work of T.A. after his parents threatened to file a grievance and changing the zero to a grade that would result in an 89 for the six weeks;

     iii.  Although the educator accepted late work for 3 students that Plaintiff is aware of (there maybe more), the same educator in retaliation did not accept L.M.L. assignment when L.M.L. is a student similarly situated and entitled to Equal Protection Clause law via the Fourteenth Amendment;

p.    In retaliation, harassment, and discrimination Defendants and its employees, specifically, but not, limited to Mr. Carlos Guerra and Ms. Theresa Alarcon attempted to remove L.M.L. from her extra-curricular activities by violating the chain of command and exerting undue pressuring on an educator to remove L.M.L. from the team;

q.    In retaliation, harassment, targeting and discrimination Defendants retaliated by calling L.M.L.'s doctor's office demanding a diagnosis in violation of HIPPA, asked whether the medical excuse was given out of friendship, or if L.M.L. actually saw the doctor in order to have L.M.L. lose credits;

r.    For retaliation, harassment, targeting, and discrimination by changing the Judge's tally sheets and scores in order to keep L.M.L. from extra-curricular activities;

s.    Ms. Theresa Alarcon the Area Administrator over high schools gave a statement to Mr. Francisco Zabarte admitting altering a government document, i.e. the evaluation of Athletic Director Tom Chavez on Coach Tom Campos and used the altered and fraudulent evaluation to terminate the employment of Coach Tom Campos; For retaliation and violation of the First Amendment of the U.S. Constitution and L.M.L.'s Freedom of Religion rights to Assembly in prayer by targeting L.M.L. and intimidating L.M.L. by photographing L.M.L. and discussing L.M.L. with the religious leaders and sponsors;

t.    For retaliation, harassment, and violation of the U.S. Constitution and violations of law and discrimination of National Origin for the depriving L.M.L. and other students from the GPA weight in high school for passing the AP Spanish Language and Cultural exam in middle school:

      a.    Defendant's course curriculum guide is NOT printed and hand-delivered to the students or the parents;

      b.    Defendant's course curriculum guide is not easily and readily accessible or available to students and parents. It is hidden within Defendant's website. A person must go to BISD.us, to find the

curriculum department at the bottom of the page, and read the documents; however, a parent must first know the course curriculum guide exits before he/she goes to look for it.  Once in the curriculum department division of the website you must read it and attempt to understand it.  The Texas Education Code requires parents to sign giving permission for their child to advance by examination.  Defendant did not obtain the signature of Plaintiff for L.M.L.'s advancement.  For the school year 2016-2017 Defendant administration created a document wherein the parents of the middle school students taking the AP Spanish exam are given notice that they will not receive GPA weight in high and the parent must sign the form which was created AFTER the fact, and was not available to Plaintiff when L.M.L. took the AP Spanish exam in middle school;

49.     However, the notice fails to notify the parent that, if the child waits to test during their freshman year, the child will receive the benefit of the exam PLUS the child will get a 6.0 to a 7.0 GPA weight in high school if they pass the AP Spanish exam with a score of 3 or higher.

50.     Plaintiff claims discrimination on the basis of national origin as the students are given the AP Spanish exam in middle school are: 1) Mexican nationals, 2) recent immigrants in the United States, 3) children whose parents speak only Spanish, 4) future first generation college students, and 5) are tested in middle school to help the middle school get out of PEG status by testing those students who because of their National Origin are able to earn a 3 or higher on the AP Spanish exam.

51.     There is no justifiable reason for discriminating, and punishing the eighth grade students who earn a 3 or higher on the AP Spanish exam by depriving them of GPA weight in high school.

52.     The AP Spanish test is the exact same test whether taken in 8th, 9th, 10th, 11th, or 12th grade.  There is no reason for depriving the 8th graders of the GPA weight given to students who take it 9th, 10th, 11th, or 12th grade.

53.     On or about March and April 2017, Defendant administration recommended to the Board of Trustees the course curriculum guide be changed to allow middle school students who earn a 3 or higher on the AP Spanish exam beginning with the school year 2019-2020 GPA weight in high school.  However, in retaliation, and harassment, Defendant administrators did not recommend the change effective the school year 2017-2018 to include the GPA weight for the AP Spanish exam taken by students while in middle school in their high school GPA and forward / future.

54.     In retaliation Dr. Esperanza Zendejas lied by stating that TEA had sent a letter and/or e-mail stating it is illegal to include the GPA weight in the 2017-2018 school year for the AP Spanish exams taken and passed in the 2013-2014 school years to the present.  Defendant received an email from the TEA stating that the course curriculum guide is a local issue, it is not illegal.  Plaintiffs via the public information office requested the TEA document that states it is illegal, but the response by Defendant is that no such document exists.  Defendant obviously agrees that middle school students who take the AP Spanish exam should get GPA credit weight in high school or they would not be making the change in 2019-2020 and thereafter.

55.     Defendant's policy of giving GPA weight for students earning a 3 or higher on the AP Spanish exam while in high school but not for high school students who earn a 3 or higher in middle school violates the Equal Protection Clause of the U.S. Constitution because similarly situated students are being treated differently by some getting GPA weight in high school but others are deprived of the of GPA weight benefit for earning a 3 or higher on the AP Spanish exam.

56.     Defendant with regard to the Equal Protection Clause does not have a justifiable reason for treating similarly situated students differently as it concerns the high school GPA weight for earning a 3 or higher on the AP Spanish exam.

57.     Defendant could amend the course curriculum guide which is only a GUIDE and not law, to retest and take the AP Spanish exam in high school.

58.     In retaliation, harassment, and discrimination, Defendant violated the Equal Protection Clause via the Fourteenth Amendment when Defendant's employees specifically, but not, limited to Mrs. Mayra Kruger, Mr. Diego Garcia, Ms. Theresa Alarcon and Mr. Carlos Guerra forced a teacher against her will to document a false statement by L.M.L. in order to harass Plaintiff and L.M.L. and targeted L.M.L. when other students similarly situated made the same, concur, endorse, and agree with statement(s) and concurred with the same said statement of L.M.L.

59.     In retaliation, harassment, and discrimination Defendant violated the Equal Protection Clause via the Fourteenth Amendment when Defendant's employees harassed and targeted L.M.L. when L.M.L.'s friend A.B. made the same statements to Mrs. Mayra Kruger; yet, Mrs. Mayra Kruger only reported L.M.L. and lied and exaggerated the statement made by L.M.L. and now claims she didn't hear A.B. make the same statement.

60.     In retaliation, harassment, and discrimination Diego Garcia conspired with Mrs. Mayra Kruger to make a false statement against L.M.L. and Mr. Garcia made a report when Ms. Molina declined to make any report.

61.     On the contrary, Mr. Diego Garcia walked in on a female teacher, P.C., who was in a compromising position with a student, A.G., hiding behind a four-drawer cabinet and Mr. Garcia yelled, "What the hell are you doing?"

62.     Thereafter, Mr. Diego Garcia conspired with teacher P.C. to cover up P.C.'s inappropriate relationship with student A.G. and not report the suspected sexual abuse of a student/child by his teacher P.C.

63.     However, he conspired with teacher Mayra Kruger to report L.M.L. for a false statement twisted by Mayra Kruger who retaliated against L.M.L. for grievances filed by the parent.

64.     In retaliation and harassment for filing a grievance through the BISD procedures an educator took an award from another student and gave it to L.M.L. to bring discord and conflict for L.M.L. and have L.M.L. be isolated from the group.

## VIII. Harm from BISD's Imminent Actions

65.   Plaintiff, Elia C. Lopez, will continue to be harmed by Defendant if Defendant is allowed to keep Plaintiff from exercising the rights given to her by the U.S. Constitution and the Bill of Rights.   Without court intervention, Defendant will violate Plaintiff's right to Free Speech Clause, Due Process Clause, Free Assembly Clause, Free Religion Clause, Petition Clause, and the Equal Protection Clause via the First and Fourteenth Amendments.

66.   Plaintiffs will continue to be harmed by Defendant if the court does not grant a Declaratory Judgment that Plaintiff has exhausted her administrative remedies due to Defendant's unnecessary delay of setting the grievances for hearing and delays by hiring and firing, and then rehiring the independent investigator, Mr. Tony Resendez, to simply delay Plaintiff's right to be heard.

67.   Plaintiffs' grievances have been on file since September 2015 and to date they have not been heard.   L.M.L. will graduate from high school in a few months and her grievances were never heard and addressed by this board.

# IX. APPLICATION FOR
## PRELIMINARY AND PERMANENT INJUNCTION

68.   Plaintiffs incorporate the allegations set forth in Sections I through VIII, and numbers 1 through 67 supra.  There is a substantial likelihood that Plaintiffs will prevail on their claims against Defendant, based on Defendant's willful violation of Plaintiff's denial of their Constitutional rights, without statutory authority to do so and in violation of the Free Speech Clause, Free Assembly Clause, Petition Clause, Due Process Clause, and Equal Protection Clause of the U.S. Constitution and the First, Fifth and Fourteen Amendments, and Defendant's actions of national origin, race, and gender discrimination, harassment, and retaliation for filing a complaint with the U.S. Department of Education, Office of Civil Rights and for filing grievances pursuant to the BISD policies.

69.   Defendant's actions complained of above are wrongful and unlawful, they are discriminatory, retaliatory, harassing, and premeditated.  Such acts have caused, are causing and will continue to cause irreparable injury to Plaintiffs and the threatened injury outweighs any hypothetical damage that the proposed injunction may cause Defendants.  Finally, the public interest favors the issuance of an injunction in this case.

70.   The public has an interest in ensuring that the educational system be fair and equitable to all students.  In *Brown v. State Board of Education,* the U.S. Supreme Court stated that all students similarly situated must be treated the same.

71.   Unless the acts of Defendant complained of above are restrained by this Court, they will continue to cause irreparable injury to Plaintiffs and all those similarly situated and to the public, for which there is no adequate remedy at law.

72.   Plaintiffs seek a preliminary injunction against Defendant, prohibiting it and its agents and employees from any and all discriminatory actions and violations of Plaintiffs'

constitutional rights. Defendant's willful violation of Plaintiffs' denial of their Constitutional rights, without statutory authority to do so and in violation of the Free Speech Clause, Free Assembly Clause, Petition Clause, Due Process Clause, and Equal Protection Clause of the U.S. Constitution and the First, Fifth and Fourteen Amendments, and Defendant's actions of national origin, race, and gender discrimination, harassment, and retaliation for filing a complaint with the U.S. Department of Education, Office of Civil Rights and for filing grievances pursuant to the BISD policies.

73.  Plaintiff is willing to post bond in an amount to be determined by the Court.

## X.CLAIMS FOR RELIEF

**Declaratory Judgment Under 28 U.S.C. §§ 2201-2202 and 5 U.S.C. § 706, Defendants' Proposed Actions violate the Free Speech, Petition, and Equal Protection Clauses**

74.  The allegations in paragraphs 1 through 73 are reincorporated herein.

75.  These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. §2201.  The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate.  The court may order a speedy hearing of a declaratory judgment action.

76.  Plaintiff moves the court to issue a declaratory judgment finding Plaintiff shall be allowed to address the BISD Board of Trustees in executive session on the issues Plaintiff signed up to address Defendants Board of Trustees at the September 5, 2017 meeting.

77.  Plaintiff moves the court to issue a Declaratory Judgment finding Defendant BISD violated Plaintiffs Free Speech, Petition and Equal Protection Clauses when it failed to allow Plaintiff to address Defendants Board of Trustees on September 12, 2017.

78.  Plaintiff moves the court to issue a Declaratory Judgment finding Plaintiff shall address Defendant's Board of Trustees at the next BISD Board meeting.

79.   Plaintiff moves the Court to issue a Declaratory Judgment finding Plaintiff has exhausted all of Defendants' Administrative Remedies due to Defendant's unnecessary and untimely delays and may proceed past Level III.

80.   Plaintiff moves the Court to issue a Declaratory Judgment finding Victor Antonio "Tony" Resendez shall file his report within 10 days of the date of this hearing and Plaintiff shall proceed to Level III immediately at the next BISD board of trustees meeting.

81.   In the alternative, Plaintiff moves the Court to issue a Declaratory Judgment finding Plaintiff may proceed without the report of Victor Antonio "Tony" Resendez and Plaintiffs have exhausted their Administrative Remedies and may proceed past Level III.

82.   In the alternative, Plaintiff moves the Court to issue a Declaratory Judgment finding Plaintiff may proceed without the report of Victor Antonio "Tony" Resendez and Defendants shall hear Plaintiff's grievances at Level III at the next BISD Board of Trustees meeting.

83.   5 U.S.C. §706, scope of review, states that to the extent necessary for a decision, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

    (1) compel agency action unlawfully withheld or unreasonably delayed; and

    (2) hold unlawful and set aside agency action, findings, and conclusions found to be:
        (a) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
        (b) contrary to constitutional right, power, privilege, or immunity;
        (c) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
        (d) without observance of procedure required by law;
        (e) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
        (f) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

84.   In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

85.   Plaintiffs move the Court to find in its review that Defendant must be compelled to cease and desist in its unlawful actions and to find that Defendant has wrongfully withheld or unreasonably delayed independent investigator Victor Antonio "Tony" Resendez's report and has wrongfully delayed the hearing of Plaintiffs' grievances.

86.   Plaintiff moves the Court to find Defendant has violated Plaintiffs' Free Speech, Petition, Assembly, Due Process, and Equal Protection Clause by not allowing Plaintiff to speak and address the Board at its September 5th and 12th Board meetings.

87.   Plaintiff moves the Court to find Defendant has discriminated against Plaintiff's based on gender, race, and national origin.

**Declaratory Judgment Under 28 U.S.C. §§ 2201-2202 and 5 U.S.C. § 706 that Defendants' Proposed Actions Would Violate the First Amendment to the U.S. Constitution.**

87.   The allegations in paragraphs 1 through 82 are reincorporated herein.

88.   Plaintiff moves the court to issue a declaratory judgment finding Defendant's actions depriving Plaintiff from addressing the BISD Board of Trustees in executive session at the September 5, 2017 meeting violates Plaintiff's First Amendment to the U.S. Constitution.

89.   Plaintiff moves the court to issue a Declaratory Judgment finding Defendant's actions which kept Plaintiff from addressing Defendants' Board of Trustees on September 12, 2017 violates Plaintiff First Amendment to the U.S. Constitution.

**Requirements of Exhaustion of Administrative Remedies**

90.   The allegations in paragraphs 1 through 85 are reincorporated herein.

91.  Plaintiffs move the court to find Plaintiffs have exhausted all Administrative Remedies due to the hiring and firing of Victor Antonio "Tony" Resendez, independent investigator, who after 18 months has not finished his report and it is a farce to unnecessarily delay Plaintiff and deprive Plaintiff of her right to Petition the government and grieve and address Defendant, and to violate the Free Speech, Due Process, Assembly, Petition, and Equal Protection Clause.

92.  Plaintiffs moves the Court to find Defendant has deprived Plaintiffs of their Constitutional rights to Free Speech, Assembly, Petition, Due Process, and Equal Protection Clauses by delaying the hearing of Plaintiff's grievances and issue a temporary order and preliminarily enjoin Defendant and ORDER BISD to grant Plaintiffs a ruling that all of their Administrative Remedies have been exhausted and Plaintiffs may proceed to file her cases and lawsuit with the Court.

93.  Plaintiffs move the Court to find Plaintiffs hearings must be heard at Level III with or without the Independent report Victor Anthony "Tony" Resendez was to prepare.

**Declaratory Judgment Under 28 U.S.C. §§ 2201-2202 that Defendants' Actions engaged in Violation of the Equal Protection Clause by engaging in Disparate Treatment**

94.  When it denied Leo Lopez's request for AP Psychology under the guise that it is a Course for 11-12 grade when other students similarly situated were allowed to take an 11-12[th] grade course as a freshman

95.  The allegations in paragraphs 1 through 88 are reincorporated herein.

96.  Plaintiff moves the court to find Defendants have violated Plaintiff L.G.L's equal protection rights via the First, Fifth, and Fourteenth Amendments.  Defendant has treated equally similarly situated students differently.  Plaintiffs move the Court to declare Defendant shall allow and enroll Plaintiff L.G.L. to/in AP Psychology an 11-12[th] grade course as

Defendant allowed and enrolled H.E. a similarly situated student, also an incoming freshman in AP Chemistry, also a course designated for 11-12 grade students, when she did not have the prerequisites,

97.  Plaintiffs move the court to issue a Declaratory Judgment declaring disparate treatment between similarly situated students L.G.L. and H.E. regarding the AP courses AP Chemistry and AP Psychology both designated 11-12 grade courses.

## V. DEMAND FOR DECLARATORY JUDGMENT

98.  Plaintiffs respectfully request the following relief from Court:

1.      A declaratory judgment that Defendants' refusal to allow Plaintiff to address the Board at the September 5 and September 12, 2017 board meetings violated Plaintiff's Free Speech, Due Process, Assembly, Petition, and Equal Protection Clauses of the United States Constitution, and said denial of Plaintiff's rights is without statutory  authority and is in violation of the Free Speech, Due Process, Assembly, Petition, and Equal Protection Clauses of the United States Constitution and the First, Fifth, and  Fourteenth Amendments and Administrative Procedure Act.

2.      Temporarily restrain and preliminarily enjoin Defendant from keeping Plaintiff from addressing Defendant's Board of Trustees and order Defendant to hold a special called board meeting to hear Plaintiff for 30 minutes. Alternatively, grant temporary relief in the form of requiring Defendant's Board of Trustees to hear Plaintiffs at the next scheduled Board of Trustees meeting in executive session. In addition,  temporarily restrain  and  preliminarily enjoin

Defendant from joining any and all of Plaintiffs issues and allow Plaintiff to have 30 minutes to address Defendant's Board of Trustees in executive session.

3. All other relief to which Plaintiffs may show they are entitled.

99.    Plaintiff moves the court to find Plaintiffs have exhausted all Administrative Remedies due to the hiring and firing of Victor Antonio "Tony" Resendez, independent investigator who after 18 months has not finished his report and it is a farce to unnecessarily delay Plaintiff and deprive Plaintiff of her right to Petition the government and grieve and address Defendant, and to violate the Free Speech, Due Process, Assembly, Petition, and Equal Protection Clause.

100.  Plaintiff moves the Court to find Defendants have deprived Plaintiffs of their U.S. and Texas Constitutional rights to Free Speech, Assembly, Petition, Due Process, and Equal Protection Clauses by delaying the hearing of Plaintiff's grievances and issue a temporary order and preliminarily enjoin Defendants and ORDER they grant Plaintiff a ruling that all of her Administrative Remedies have been exhausted and Plaintiffs may proceed to file her cases and lawsuit with the Court.

101.   Plaintiff moves the Court to issue a Declaratory Judgment and a temporary restraining Order and to temporarily enjoin Defendants and order Defendant to hear Plaintiff's grievances at Level III within 10 days of the Temporary Restraining hearing at Level III with or without the Independent report Victor Anthony "Tony" Resendez's independent report.

102.   Plaintiff moves the court to issue a Declaratory Judgment and a temporary restraining order and to temporarily enjoin Defendant and order Defendant after the hearing to treat Plaintiff L.G.L., a student similarly situated as H.E., and allow Plaintiff L.G.L. to take AP Psychology and or any other AP class L.G.L. wants to register for at BISD.

103.    Plaintiffs move the Court to issue a Declaratory Judgment and temporary restraining order and to temporarily enjoin Defendant from violating Plaintiff L.G.L's equal protection rights via the First, Fifth, and Fourteenth Amendments.   Defendant should be enjoined from treating equally similarly situated students differently.   Plaintiffs move the Court to issue a Declaratory Judgment and order Defendant to cease violating the Equal Protection Clause and allow Plaintiff L.G.L. to enroll in AP Psychology and/or any other AP course whether it is designated as an 11-12th grade course.

## VI. APPLICATION FOR TEMPORARY RESTRAINING ORDER
## AND PRELIMINARY INJUNCTION / STAY OF ADMINISTRATIVE PROCEEDINGS

104.  Plaintiffs seek a temporary restraining order and a preliminary injunction pursuant to Federal Rule of Civil Procedure Rule 65 and alternatively, a stay of administrative proceeding pursuant to the Administrative Procedure Act, 5 U.S.C. § 705.  In particular, Plaintiffs request the relief described herein under Demand for Relief be granted.  The requirements for showing entitlement to a temporary restraining order and preliminary injunction under Federal Rule of Civil Procedure 65 are identical. See *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).  To obtain a temporary restraining order and a preliminary injunction, Plaintiffs must show that:

A. there is a substantial likelihood of success on the merits;

B. there is a substantial threat that irreparable injury will result if the injunction is not granted;

C. the threatened injury outweighs any harm to the defendants from the injunction and order; and

D. granting the preliminary injunction will not disserve the public interest.

*Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011); *Canal Auth. of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

105.  Plaintiffs move the Court to stay pending review is the same as that which applies to preliminary injunctions. *Texas v. United States,* 95 F. Supp. 3d 965, 973 (N.D. Tex. 2015) (citing *Corning Sav. & Loan Assoc. v. Federal Home Loan Bank Bd*., 562 F. Supp. 279, 280 (E.D. Ark. 1983)).

A. There is a substantial likelihood that Plaintiffs will prevail for the reasons articulated in paragraphs 1 through 98, supra, of this Complaint.  Plaintiffs have met their burden to show a substantial likelihood that they will prevail on their claims that BISD has violated the Free Speech, Due Process, Assembly, Petition, and Equal Protection Clauses through the First, Fifth, and Fourteenth Amendments to the U.S. Constitution, a violated FERPA, and engaged in slanderous, defamatory, and libelous conduct, and in intentional infliction of emotional distress.

B. Substantial threat that irreparable injury will result.  Simply put, the harm to Plaintiffs is the loss of equal educational opportunity for similarly situated students.  Therefore, action by the Court to preserve the civil rights of Plaintiffs L.G. L. and L.M.L. is necessary.

C. Threatened injury outweighs any harm to Defendant from the order.  There is no harm to Defendant from temporarily restraining and preliminarily enjoining Defendant from excluding Plaintiff from their Public 30-minute Executive Session at their next School Board Meeting and/or from calling a Special Called Board Meeting pursuant to order of this court. Alternatively, granting temporary relief in the form of requiring Defendant to call a special board meeting specifically to have Plaintiffs exercise their Freedom of Speech, Freedom of Petition, and Freedom of Assembly, and Equal Protection Clause rights reinstated and Plaintiffs be allowed to exercise their constitutional rights.  In addition, temporarily restraining and permanently enjoining Defendant from treating similarly situated students differently in violation of the Equal Protection Clause.

D.   The Courts actions would not result in any harm to Defendants.

E.   Preliminary injunction will not disserve the public interest:

108.     Rule 65(b)(1)(B) Certification: 7. Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), in addition to normal service procedures, counsel is emailing a copy of this document and all attachments to the official public email address of Defendant's BISD attorney, Miguel Salinas (MiguelSalinas@bisd.us) and Baltazar Salazar (BalSalazar@sbcglobal.net). Given the irreparable harm noted above, further notice should not be required.

109.  5 U.S. Code § 706 - Scope of review:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) compel agency action unlawfully withheld or unreasonably delayed; and

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(B) contrary to constitutional right, power, privilege, or immunity;

(C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;

(D) without observance of procedure required by law;

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or

(F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.  In making the foregoing determinations, the court shall review the whole

record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

110. All conditions precedent to Plaintiff's recovery of its costs and attorney's fees have occurred, or will occur prior to entry of judgment in this suit

111. Plaintiffs also ask for all other relief to which it may show itself entitled.

112. BISD's use of gender and national origin preferences in allowing an Anglo-Saxon female to take an 11-12 grade course AP Chemistry when the Anglo-Saxon female had not met the prerequisites for the course. BISD's use of gender and national origin preferences in denying non-Anglo-Saxon L.G.L.'s request to take AP Psychology a course for which L.G.L. meets all of the prerequisites and is a course designated for 11 to 12 grade just like AP Chemistry. As a result, BISD's use of racial preferences in admissions is unconstitutional.

113. Defendant BISD has engaged in national origin discrimination against Plaintiff L.M.L. and other similarly situated students of the weighted GPA earned for taking and passing the AP Spanish Cultural and Language (AP Spanish) exam and passing it with a 3, 4, or 5 while a middle school. The middle school students who are signed up by Defendant's administration in middle school are typically illegal aliens, residents of the USA, those students raised by Spanish speaking Grandparents and/or Parents, and future first generation college students.

114. Defendant BISD and its administration do not tell the students and their parents the consequences of taking the AP Spanish exam in middle school. The consequence is that they are deprived of the GPA weight in high school. On the contrary, if the middle school students wait to take the AP Spanish exam in high school they get the GPA weight of 6.0, 6.5 or 7.0 if they pass the exam with a 3, 4, or 5.

115. The middle school students and their parents are not told of the GPA benefits of

waiting to take the exam in high school.

116.    Defendant has a course listing guide.  However, the BISD course listing guide is not copied and neither parents nor students receive a copy of Defendant's course listing guide. The course listing guide could be found in Defendant's website if a parent and student has 1) access to a computer, 2) has access to the internet, 3) has knowledge that said document exists, 4) has knowledge of how to navigate Defendant's website, 5) has time to read an over 190 page documents and 6) has an understanding of what he or she reads.

117.    After Plaintiffs learned of the consequences of having taken the AP Spanish exam in middle school, Defendants created a document which requires the signature of both the student and the parent.  The newly created document does not advise the student and parent that if they wait to take the AP Spanish exam in high school they will reap the full benefits of the GPA weight earned by passing the exam with a 3, 4, or 5.

118.  Defendant administrators have recognized that the current policy is discriminatory against National Origin discrimination and have recommended to the Board of Trustees to change the BISD policy for student in middle school who take the AP Spanish exam in the school year 2020-2021.

119.    This change in policy continues to discriminate against students' national origin who took and/or take the AP Spanish exam in middle school during the 2013-2014, 2014-2015, 2015-2016, 2016-2017, 2017-2018, 2018-2019, and 2019-2020 school years. Defendants refused to recommend to the Board of Trustees an immediate change in policy due to retaliation against Plaintiffs for filing a complaint with the U.S. Department of Education and for filing grievances with BISD on the issues contained in the Complaint and Original Petition for itself and for Permanent and Injunctive relief.

120.    As long as Defendant is allowed to retaliation and to continue to deprive and discriminate on the basis of national origin to the middle school students who took the AP Spanish exam in the 2013-2014, 2014-2015, 2015-2016, 2016-2017 school years, Plaintiffs will be harmed and Defendant will be in violation of the Equal Protection clause.

121.    Plaintiffs have been the victims of Actual Malice and simple malice at the hands of Defendants for having filed a complaint with the U.S. Department of Education Office of Civil Rights.

122.    Section 106.001 fully applies to the use of racial, national origin, and gender preferences in education, including the registration of students in classes and courses. If it did not, the statute's exemption for "a public school official who is acting under a plan reasonably designed to end discriminatory school practices" would be unnecessary. The use of racial, national origin, and gender preferences in admissions to promote "diversity" is not a plan reasonably designed to end discriminatory school practices. BISD is using race, national origin, and gender to discriminate against students.

123.    Defendant BISD is violating the Texas Education Code by allowing students who did not meet the prerequisites to take courses for which they did not meet the prerequisites.

124.    Defendant BISD's policy of allowing one child and denying the others from taking courses and classes when they are similarly situated violated the Texas Education Code and the Teacher's Code of Ethics because it gives one student an advantage over all others and it deprives the other students of equal opportunities.

125.    Any discrimination on the basis of race, national origin, gender including in admission and registration in classes and courses of among similarly situated students, violates Section 106.001. Discrimination "because of a person's race, national origin, and/or gender"

occurs when the decision-maker treats some people less favorably on that basis.  BISD treats some applicants for admission into classes and courses less favorably because of their race, national origin, and gender.  Section 106.001 does not exempt from its statutory prohibition the use of racial, national origin and gender preferences in admissions and registration of courses and classes offered by BISD.

126.    By using race, national origin, gender as a factor in admissions and registration into some classes to the detriment of some applicants, Defendants are: (1) "refus[ing] to permit" non-preferred applicants to "participate in a program owned, operated, or managed by or on behalf of the state"; (2) "refus[ing] to grant a benefit to" non-preferred applicants; and (3) "impos[ing] an unreasonable burden" on non-preferred applicants because of their race, national origin and gender.

127.    By using race, national origin, gender as a factor in admissions and registration into some classes to the detriment of some applicants, Defendants are: violating the Texas Educator's Code of Conduct by giving preferred applicants because of race, national origin, gender, and/or family status, an advantage and (1) "refus[ing] to permit" non-preferred applicants to "participate in a program owned, operated, or managed by or on behalf of the Defendants"; (2) "refus[ing] to grant a benefit to" non-preferred applicants; and (3) "impos[ing] an unreasonable burden" on non-preferred applicants because of their race, national origin, gender, and family status.

128.    Plaintiffs have no adequate remedy at law for Defendant's failure to comply with its constitutional and statutory duties not to use race, national origin, and/or gender as a factor in admission and registration in BISD classes and courses. No award of damages or other legal remedy will compensate Plaintiffs from being denied equal treatment on the basis of race,

national origin, and/or gender that the law guarantees them. Plaintiffs thus are entitled to permanent injunctive relief enjoining Defendant from using race, national origin, and/or gender as a factor in the admission and registration into BISD classes and courses.

129.     Plaintiffs are entitled to mandatory injunctive relief to require Defendant to conduct the admission and registration of similarly situated students into classes and courses and the decision process at BISD in a manner that does not permit those engaged in the registration and admission into classes and courses to register all students similarly situated into all classes at BISD.   This relief is necessary to ensure that Defendant no longer illegally discriminates against students on the bases of gender, national origin, and race, including plaintiffs and those similarly situated, on the basis of race, national origin, and gender.

## Attorney's Fees and Court Costs

130.  Plaintiffs have asked for declaratory and injunctive relief.  By statute, Plaintiffs are entitled to recover its costs and reasonable and necessary attorneys' fees from Defendant. Plaintiffs moves for attorney fees and costs of court.

## REQUEST FOR PERMANENT INJUNCTION

131. Plaintiffs ask the Court to set its request for a permanent injunction for a full trial on the merits and, after the trial, issue a permanent injunction against Defendants.

## CONDITIONS PRECEDENT

132. All conditions precedent to Plaintiffs' claims for relief have been performed or have occurred or will occur as declared by the Court/Judge.  Plaintiffs move the Court to Grant their Original Petition to declare that Plaintiff has exhausted all of conditions precedent and has exhausted all of the mandated Administrative Remedies.  Plaintiffs have filed many requests for hearing and have asked Mr. Tony Resendez to finish his report.  Defendant has told Plaintiffs

that after the report is filed they will begin the time line anew and will delay level 3 for 6 months.  At this point, L.M.L. will graduate from high school without ever receiving relief.  For this reasons, Plaintiffs ask the Court to declare and issue a Declaratory Judgment that Plaintiffs have exhausted all Administrative Remedies.  In the alternative, Plaintiffs move the court to order Defendant to hold Plaintiffs Level III hearing instanter on or before the 10th day from the date of this Court's order.

## PRAYER

133.   WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully requests the following relief:

a.   That Defendant be cited to appear and answer herein;

b.   That Defendant be permanently enjoined from using race, national origin, and/or gender and retaliation, family status, as a factor in admission and registration in BISD classes and courses and in the decisions at BISD.

c.   That Defendants BISD be permanently enjoined from allowing any person employed by BISD to use race, national origin, gender, retaliation, and family status as a factor in admission and registration into BISD classes and courses and in all decisions at BISD;

d.   That Defendants be permanently mandatorily enjoined to conduct the admission and registration decision process at BISD in a manner that does not permit those engaged in the admission and registration in classes and courses decision process to discriminate on the basis of national origin, gender, race, and family status as no one student should gain an advantage over other students and no student shall be deprived of opportunity at BISD;

e.   That Defendants be enjoined from discriminating and retaliating against L.M.L. and other students similarly situated regarding the AP Spanish exam and the granting of GPA weight in high school.  In the alternative, that Plaintiff L.M.L. and  others similarly situated be granted the opportunity to retest and any retest scores be used to grant GPA weight for a 3, 4, or 5 earned in high school on the AP Spanish exam;

g.   That Plaintiffs have judgment for their reasonable attorneys' fees incurred in this cause;

h.   That Plaintiffs be awarded court costs as otherwise provided by law;

    i.    That Plaintiffs be awarded post-judgment interest as provided by law; and

    j.    That Plaintiffs be awarded all other relief to which they may be entitled.

XI. TRIAL BY JURY

135.   Plaintiffs hereby request a trial by jury and have paid a jury fee.

Respectfully Submitted,

ELIA C. LOPEZ
Attorney at Law
235 Sunset Drive
Brownsville, Texas 78520

/S/ Elia C. Lopez_____
ELIA C. LOPEZ
Federal I.D. No.: 14046
TBN: 04828800
E-mail:  eclopezlaw@yahoo.com

GUSTAVO L. ACEVEDO, JR.
Attorney at Law
814 Del Oro Lane
Pharr, Texas 78577
Telephone: (956) 787-4441
Facsimile: (956) 787-4499

 _/S/ Gustavo L. Acevedo, Jr.
GUSTAVO L. ACEVEDO, JR.
Federal I.D. No.:  10810
State Bar No. 00829808
Email: GLAcevedo@aol.com

**Attorneys for Plaintiffs**